**Kenneth and Peter ETA, Petitioners,**

v.

**John D. ASHCROFT, Respondent.**

No. 02–2393.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 2003.

Decided July 15, 2003.

Before POSNER, KANNE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Petitioners Kenneth and Peter Eta are brothers and citizens of Cameroon, seeking political asylum in the United States. On March 2, 2001, the immigration judge (IJ) entered an order denying them relief, because he did not find their testimony credible or consistent. Petitioners timely appealed to the Board of Immigration Appeals (BIA or the Board), and indicated they would submit a brief. On the form their counsel submitted, Form EOIR–26, the warning appeared that failure to submit a promised brief without reasonable explanation could result in summary dismissal.

On October 24, 2001, the BIA informed counsel that he had until November 23, 2001, to submit a brief. On November 21, 2001, counsel filed a request for an extension, stating:

> Respondent's attorney has been unable to complete said brief in a timely fashion as originally anticipated due to the complexity of issues in the present case. Although a brief has been drafted, a more legally sound brief will result with a granting of the extension of time.

In response to this request, the Board extended the deadline for filing the brief to December 14, 2001. In the end, however, the petitioners never filed a brief. On April 29, 2002, the BIA dismissed the Etas' appeal for the procedural reason that they had never filed a brief. The Board cited as authority for its dismissal 8 C.F.R. § 3.1(d)(2)(i)(D), which provides that the BIA may "summarily dismiss any appeal" where the "party concerned indicates on FORM EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does

not file such brief or statement, or reasonably explain their or her failure to do so, within the time set for filing...."

On appeal, the Etas have offered no explanation or argument for why their brief was never filed, despite the extension of time they received from the Board. Nor have they challenged the BIA's decision to dismiss their appeal summarily, based on 8 C.F.R. § 3.1(d)(2)(i)(D). Instead, they have asked us to ignore their procedural default and proceed directly to the merits of their case.

In *Awe v. Ashcroft,* 324 F.3d 509 (7th Cir.2003), we were confronted with the same situation. Awe indicated he would file a brief, understood that failure to file a brief could lead to summary dismissal, requested and received an extension, and never filed a brief or explained why a brief had not been filed. The BIA similarly invoked 8 C.F.R. § 3.1(d)(2)(i)(D) and dismissed Awe's petition for failure to file a brief. On appeal, Awe gave no explanation for his failure to file a brief and made no argument challenging the procedural grounds for the BIA's decision. On those almost identical facts, we held that Awe had waived his right to challenge the procedural grounds for the BIA's decision, *Awe,* 324 F.3d at 512–13, and in the alternative, that even if Awe had preserved his right to challenge the procedural grounds for the BIA's decision, summary dismissal was appropriate. We explained this ruling as follows:

> 8 C.F.R. § 3.1(d)(2)(i)(D) explicitly gives the BIA authority to dismiss procedurally defective appeals, and we have condoned the BIA's use of this power in cases similar to this one. See *Stroe v. INS,* 256 F.3d 498, 499 (7th Cir.2001) (holding summary dismissal appropriate where party indicated he would file brief, requested and received 30–day filing extension, and never filed brief nor

explained why he had not); accord *Rioja v. Ashcroft,* 317 F.3d 514, 515–16 (5th Cir.2003). We do not see anything in the record here to suggest that the BIA inappropriately exercised its power in dismissing Awe's appeal under § 3.1(d)(2)(i)(D), and we therefore affirm its decision on these grounds.

*Id.* at 513.

In this case, the Etas have presented us with facts and arguments indistinguishable from those present in *Awe.* Seeing no legally significant distinction between the two cases, we therefore deny the petitions for review and AFFIRM the decision of the BIA.