**Mirela TALELLI, Petitioner,**

v.

**John D. ASHCROFT, Respondent.**

**No. 03–1620.**

United States Court of Appeals, Seventh Circuit.

Submitted June 3, 2004.*

Decided June 4, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Carl M. Weideman, III, Weideman & Weideman, Grosse Point Woods, MI, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Linda S. Wernery, Department of Justice, Washington, DC, for Respondent.

Before COFFEY, KANNE, and ROVNER, Circuit Judges.

## ORDER

Mirela Talelli applied for asylum, alleging that state police in her native Albania persecuted her due to her political activities. An immigration judge (IJ) denied Talelli's application, finding that her claims were not credible, and the Board of Immigration Appeals (BIA) affirmed. We deny Talelli's petition for review.

From 1989 until 1999, Talelli and her husband (whose own application for asylum was denied in separate proceedings) campaigned and protested for the return of democracy to Albania. Talelli testified at her removal hearing that, over the course of this ten-year period, state police repeatedly arrested, detained and beat her when she attempted to participate in various political activities, such as anti-Communist rallies and meetings of political organizations that supported democracy. Talelli also testified about specific incidents in which the police targeted her because she (and her husband) had been identified by police as political activists. She testified, for instance, that the police prohibited her and her husband from getting married in their hometown of Korce, and when the couple returned to Korce for a party after their wedding in another city, police broke up the party and attacked the attendees. And after her husband fled to the United States in early 1997, Talelli was arrested, interrogated and beaten by police, who sought to locate her husband. As a result of this string of incidents, Talelli went into hiding in Albania in 1997 and, in early 2000, fled to the United States, where she later applied for asylum.

An IJ denied Talelli's application because he found that she had failed to present credible evidence to substantiate her claims of persecution. The IJ provided several bases for questioning whether Talelli had actually been targeted and attacked by the Albanian police, as she had alleged: (1) there were numerous inconsistencies between the nature of the incidents that she alleged in her written application and those about which she testified at the removal hearing; (2) according to the State Department, political persecution was uncommon in Albania during the relevant time period; (3) Talelli lacked corroborative evidence for the alleged attacks; and (4) Talelli continued to reside in Albania and work for the government throughout the time period in which these incidents allegedly took place. Additionally, the IJ noted that he had scrutinized Talelli's claims because her husband's asylum application had also been denied on the basis that his claims were not credible. The BIA adopted the IJ's decision and added that, assuming that Talelli's claims were true, the evidence that she presented still did not support the conclusion that a reasonable person in Talelli's place would

fear future persecution in Albania. When the BIA adopts an IJ's decision but also adds its own reasons, courts review both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000).

On appeal, Talelli presents only one challenge—that the IJ erred in discrediting her claims. Aside from making a series of conclusory and unsubstantiated assertions that the IJ erred in the regard, however, Talelli addresses only two of the reasons that the IJ cited for discrediting her claims. First, Talelli suggests that the IJ should not have relied on the State Department's Country Reports in discrediting her claims of political persecution because the reports' conclusions were "patently absurd." Talelli argues that the reports' conclusion that political persecution was uncommon in Albania must be inaccurate because thousands of applicants from Albania have been granted asylum and because "Albania had one of the most repressive societies in the history of the world from 1945 to 1990 where political intolerance was extreme." But neither of these observations provides evidence on the nature of the political climate in Albania at the time Talelli claimed she was persecuted. Although we have cautioned that undue reliance should not be placed on reports authored by the State Department, whose conclusions may be influenced by the nature of the United State's diplomatic relations with the country at issue, *see, e.g., Niam v. Ashcroft*, 354 F.3d 652, 658–59 (7th Cir.2004), challenges that lack evidentiary support are insufficient to call into question the accuracy of these reports' conclusions, *see Roman v. INS*, 233 F.3d 1027, 1036 (7th Cir.2000). Consequently, Talelli's challenge to the State Department's reports is insufficient to cast doubt on the IJ's reliance on those reports.

Second, Talelli asserts that the inconsistencies cited by the IJ between her written application and her testimony do not support the conclusion that her claims were not credible. She contends that the IJ misquoted her written application in two instances, regarding her place of marriage and the nature of her husband's injuries before his escape from Albania. She provides no explanation, however, for the other inconsistencies (involving her inquiries to authorities about confiscated family land and interrogations following her husband's escape) that the IJ noted between her application and her testimony. Additionally, she waived any challenge to the other reasons that the IJ provided for discrediting her claims (namely, the lack of corroborative evidence and her continued residence and employment in Albania) by failing to address them in her brief. *See Awe v. Ashcroft*, 324 F.3d 509, 512–13 (7th Cir.2003). Therefore, even if the IJ did misinterpret her written application on the two points that Talelli cites, the IJ's stated reasons that remain unchallenged still provide more than sufficient support for discrediting her claims. *See Oforji v. Ashcroft*, 354 F.3d 609, 613–14 (7th Cir.2003) (explaining that credibility determination must be supported by "specific, cogent reasons that bear a legitimate nexus to the finding," but we review such determinations with great deference and will overturn them under only "extraordinary circumstances"). Talelli certainly has not demonstrated "extraordinary circumstances" that warrant overturning the IJ's credibility determination in this case. And as a result of the IJ's determination that Talelli's claims of political persecution were not true, her application for asylum is doomed and we need not consider (nor does Talelli address in her brief) whether the incidents that she alleged constitute persecution. *See Krouchevski v. Ashcroft*, 344 F.3d 670, 673 (7th Cir.2003); *Pop v. INS*, 270 F.3d 527, 530 n. 5 (7th Cir.2001).

Accordingly, Talelli's petition for review is DENIED, and the order under review is AFFIRMED.