Mohammed Monir HASSAN, Nasrin
Hassan, Naziat Hassan,
Petitioners,

v.

nation.

Alberto R. GONZALES,[1] as Attorney General of the United States, Edward J. McElroy, as Interim Director of the New York City Office of the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security, United States Department of Justice, Respondents.

Nos. 03–4503–ag (L), 03–4557–ag (CON).

United States Court of Appeals, Second Circuit.

March 3, 2006.

Lawrence Spivak, New York, New York, for Petitioner.

E. Bryan Wilson, Assistant United States Attorney (Gregory R. Miller, United States Attorney for the Northern District of Florida, on the brief), Tallahassee, Florida, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Mohammed Monir Hassan, through counsel, petitions for review of the BIA's decision summarily dismissing his appeal and affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA summarily dismissed Hassan's case under 8 C.F.R. § 3.1(d)(2)(i)(A) (2003) (recodified at 8 C.F.R. § 1003.1(d)(2)(i)(A) (2005)) for failing to apprise the BIA of the reason underlying the appeal. That section states that an appeal is subject to summary dismissal if the appellant fails to specify the reasons for the appeal on the Notice of Appeal (EOIR–26) or other accompanying document. 8 C.F.R. § 1003.1(d)(2)(i)(A). In *Matter of Valencia*, 19 I. & N. Dec. 354, 355, 1986 WL 67713 (BIA 1986), the BIA discussed how an appellant should identify the reasons for his appeal:

> Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

*Id.* (finding petitioner's statement, "I respectfully submit that the hearing officer erred in that of the appellant [sic] burden of proving a well-founded fear of persecution in his native Nicaragua," did not meet the specificity requirement). This articulation of the specificity standard was codified in 8 C.F.R. § 3.3(b) (Apr. 29, 1996) (recodified at 8 C.F.R. § 1003.3(b) (2005)).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Hassan's Notice of Appeal argued that, contrary to the IJ's characterization of his testimony as general, Hassan gave detailed testimony regarding three incidents where he suffered harm by either the police or opposition party members. Hassan also argued that the IJ failed to consider adequately a doctor's affidavit documenting scars on his body consistent with his claims of past persecution as well as country reports corroborating the threats faced by minority party workers like himself. These arguments undermined the IJ's adverse credibility finding, the reason for the denial of asylum, and pointed to specific flaws in the IJ's evaluation of the facts. Therefore, the Court finds that Hassan's Notice of Appeal was sufficiently specific to notify the BIA of his reasons for appeal, as it substantially complied with the standard set out in *Valencia* and 8 C.F.R. § 3.3(b) (2000). Although this Court has not yet articulated the standard under which it reviews the BIA's decision to summarily dismiss a case, that question need not be decided here, as the BIA's decision cannot withstand scrutiny under either an abuse of discretion or a *de novo* standard. *See Medrano–Villatoro v. INS*, 866 F.2d 132, 134 (5th Cir.1989) (reviewing BIA summary dismissal for abuse of discretion); *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir.2005) (same); *Nazakat v. INS*, 981 F.2d 1146, 1148 (10th Cir.1992) (same); *cf. Athehortua–Vanegas v. INS*, 876 F.2d 238, 240–41 (1st Cir.1989) (discussing propriety of BIA's summary dismissal without articulating a standard of review); *Awe v. Ashcroft*, 324 F.3d 509, 513 (7th Cir.2003) (same); *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir.1998) (same).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).