**Abraham Sory SANO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–2693–ag.**

United States Court of Appeals, Second Circuit.

May 29, 2009.

Brian I. Kaplan, Goldberg & Kaplan, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Ilissa M. Gould, Trial Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Abraham Sory Sano, a native and citizen of Guinea, seeks review of the May 6, 2008 order of the BIA summarily dismissing his appeal from the April 10, 2006 decision of Immigration Judge ("IJ")

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Noel Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abraham Sory Sano*, No. A72 435 656 (B.I.A. May 6, 2008), *aff'g* No. A72 435 656 (Immig. Ct. N.Y. City Apr. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have not articulated a standard of review for summary dismissals by the BIA, and we find it unnecessary to do so in this case because the BIA's decision withstands scrutiny under either an abuse of discretion or *de novo* standard of review. *Compare Medrano–Villatoro v. INS,* 866 F.2d 132, 134 (5th Cir.1989) (reviewing BIA summary dismissal for abuse of discretion); *Singh v. Gonzales,* 416 F.3d 1006, 1009 (9th Cir.2005) (same); *Nazakat v. INS,* 981 F.2d 1146, 1148 (10th Cir.1992) (same) *with Athehortua–Vanegas v. INS,* 876 F.2d 238, 240–41 (1st Cir.1989) (discussing propriety of BIA's summary dismissal without articulating a standard of review); *Awe v. Ashcroft,* 324 F.3d 509, 513 (7th Cir.2003) (same); *Bayro v. Reno,* 142 F.3d 1377, 1379 (11th Cir.1998) (same). The regulation the BIA relied upon in its decision provides that: "A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which: (A) The party concerned fails to specify the reasons for the appeal on Form EOIR–26 ... [or] (E) The party concerned indicates on Form EOIR–26 [ ] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i).

Here, Sano's assertion in his Form EOIR–26 that "[t]he Immigration Judge erred on the facts and the law in denying relief pursuant to Immigration and Naturalization Section 208 and 243(h)," falls far short of the standard for specificity on appeal. *See* 8 C.F.R. § 1003.3(b); *see also Matter of Valencia,* 19 I. & N. Dec. 354, 355 (BIA 1986). Moreover, Sano indicated in his Form EOIR–26 that he was going to file a brief, but failed to do so despite the clear warning that such failure could result in summary dismissal. While Sano argues that the BIA erred in denying his motion for an extension of time to file his brief, that decision by the BIA is not the subject of this petition for review. Moreover, Sano fails to explain why he declined to follow the instructions provided by the BIA for the filing of an untimely brief with a motion to reconsider after his request for an extension was rejected. Ultimately, the BIA's summary dismissal of Sano's appeal was without error. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.