11-2267-ag
Persaud v. Holder

BIA
Vomacka, IJ
A097 385 394

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:
>        BARRINGTON D. PARKER,
>        RICHARD C. WESLEY,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

YADESHVARI PERSAUD, AKA MALLINI
MICHELLE SAMSOONDAR,
>        *Petitioner,*

>        v.                                           11-2267-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Judy Resnick, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Luis E. Perez, Senior
                         Litigation Counsel; Joseph D. Hardy,

**Trial Attorney, Civil Division,**
**Office of Immigration Litigation,**
**U.S. Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yadeshvari Persaud, a native and citizen of Guyana, seeks review of the May 18, 2011 order of the BIA summarily dismissing her appeal from the March 25, 2010 decision of an Immigration Judge ("IJ") denying her motion to reopen. *In re Yadeshvari Persaud*, No. A097 385 394 (B.I.A. May 18, 2011), *aff'g* No. A097 385 394 (Immig. Ct. N.Y. City Mar. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although we have not articulated a standard of review for summary dismissals by the BIA, we find it unnecessary to do so now because the BIA's decision withstands scrutiny under either an abuse of discretion or *de novo* standard of review. *Compare, e.g.*, *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005) (reviewing BIA summary dismissal for abuse of discretion), *with Awe v. Ashcroft*, 324 F.3d 509,

2

513 (7th Cir.2003) (discussing propriety of BIA's summary dismissal without articulating a standard of review). The BIA's decision rested upon its regulatory authority "summarily [to] dismiss any appeal or portion of any appeal in any case in which: (A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 . . . or other document filed therewith ." 8 C.F.R. § 1003.1(d)(2)(i)(A).

Here, Persaud's assertion in her Form EOIR-26 that "[t]he Immigration Judge erred as a matter of law in denying the motion to reopen since Respondent never received notice of the hearing in which she was removed" falls short of the standard for specificity that would preclude the BIA from dismissing the appeal summarily. *See* 8 C.F.R. § 1003.3(b); *see also Matter of Valencia*, 19 I. & N. Dec. 354, 355 (B.I.A. 1986). And, while Persaud filed a brief with the BIA, that brief similarly fails to state any specific legal or factual challenge to the IJ's findings or refer to any evidence or authority in support of her conclusory assertions that "she was never served with Notice of the Hearing" and that her motion to reopen should have been granted because of the "future persecution that she would

3

suffer if she returned to Guyana." *See* 8 C.F.R.

§ 1003.1(d)(2)(i)(A); *see also Matter of Valencia*, 19 I. &

N. Dec. at 355 ("[I]t should be stated whether the error

[alleged] relates to grounds of statutory eligibility or to

the exercise of discretion . . . Where a question of law is

presented, supporting authority should be included, and

where the dispute is on the facts, there should be a

discussion of the particular details contested."). *Cf.*

*Casas-Chavez v. INS*, 300 F.3d 1088, 1090-91 (9th Cir. 2002)

(summary dismissal not appropriate where alien directed BIA

to specific portions of IJ's decision, and referred to

evidence and authority in support of arguments).

Accordingly, we find no error in the BIA's summary dismissal

of Persaud's appeal.[*]  *See* 8 C.F.R. § 1003.1(d)(2)(i)(A).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, the pending motion

for a stay of removal in this petition is DISMISSED as moot.

The pending request for oral argument in this petition is

---

[*]We decline review of the additional issues Persaud raises in her brief on appeal, because they have not been first presented to the BIA. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (noting that "[t]o preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA").

4

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk