Atkinson v. Garland

BIA
Ling, IJ
A216 557 765

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-two.

PRESENT:
REENA RAGGI,
JOSEPH F. BIANCO,
EUNICE C. LEE,
*Circuit Judges.*

_____

FABIAN STEVE ATKINSON,
*Petitioner,*

v.            21-6181
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:       Craig Relles, Esq., White Plains, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Holly M. Smith, Assistant Director; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fabian Steve Atkinson, a native and citizen of Jamaica, seeks review of a decision of the BIA summarily dismissing his appeal of a decision of an Immigration Judge ("IJ") denying his applications for adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture. *See In re Fabian Steve Atkinson,* No. A 216 557 765 (B.I.A. Mar. 4, 2021), *dismissing appeal from* No. A 216 557 765 (Immig. Ct. N.Y. City Sept. 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily dismissed the appeal without reaching the merits of the IJ's decision, we review only the basis for the BIA's dismissal. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although we have not

established a standard of review for summary dismissals, we need not do so here because the BIA's decision withstands scrutiny regardless of the standard applied. *See, e.g.,* *Persaud v. Holder*, 492 F. App'x 203, 204 (2d Cir. 2012) (summary order).

The BIA summarily dismissed Atkinson's appeal for failure to identify the issues for appeal or timely to file a brief. In his brief before this Court, Atkinson erroneously describes the BIA as summarily *affirming* the IJ's decision, rather than as summarily *dismissing* his appeal for failure to specify the assigned error. *See* Pet.'s Br. at 12-13. In so doing, Atkinson has waived review of the BIA's decision by failing to challenge the actual reason for the dismissal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming abandoned claims not raised in the brief). Summary affirmance and summary dismissal are distinct agency actions with distinct regulatory authorization. *Compare* 8 C.F.R. § 1003.1(d)(2) (summary dismissal) *with* 8 C.F.R. § 1003.1(e)(4) (summary affirmance).

Moreover, even if we were to reach the grounds for the BIA's dismissal, we would not find error. The regulations

3

authorize the BIA to dismiss an appeal where there is a failure to articulate specific reasons for the appeal or to file a brief within the prescribed time. 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Atkinson's notice of appeal stated that the IJ erred, but it gave no reasons either in supporting fact or law for identifying any error. Nor did Atkinson file a brief within the time set by the BIA. To the extent that Atkinson seeks to challenge the merits of the IJ's decision, his claims are not properly before us because our review is limited to the BIA's decision, *see Yan Chen*, 417 F.3d at 271, and Atkinson failed to raise his merits challenges before the BIA, *see* 8 U.S.C. § 1252(d) (requiring exhaustion of administrative remedies). *See also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) ("[W]hen an applicant . . . has failed to exhaust an issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision, we are . . . usually unable to review the argument.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court