**Nigial Dominic LEWIS, Petitioner,**

v.

**Michael CHERTOFF,[1] Respondent.**

No. 05–3248–ag.

United States Court of Appeals,
Second Circuit.

May 26, 2006.

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, New York, for Petitioner.

Mark K. Roach, Assistant United States Attorney (for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York), Buffalo, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Nigial Dominic Lewis ("Lewis"), A–36–866–308, petitions for review of an order by Board of Immigration Appeals ("BIA") Member Juan P. Osuna, on behalf of the BIA, summarily dismissing Lewis's appeal for failure to file a brief. We assume that the parties are familiar with the facts, procedural history, and issues on appeal, and we rehearse only those details necessary to this decision.

Lewis, a lawful permanent resident since he entered this country twenty-six years ago at age fourteen, was placed in removal proceedings based on two convictions for petty larceny, a removable "crime involving moral turpitude" under 8 U.S.C. § 1227(a)(2)(A)(ii). Lewis applied for cancellation of removal under 8 U.S.C.

1. Michael Chertoff is substituted for his predecessor Tom Ridge, as Secretary of the Department of Homeland Security. Fed. R.App. P. 43(c)(2).

§ 1229b, which the IJ denied on April 10, 2003. In his decision, the IJ considered positive equities such as Lewis's long-time residence here, marriage to an American citizen, and five citizen children (one of whom suffers from asthma). However, the IJ found these equities to be outweighed by negative factors, such as Lewis's extensive history of petty convictions, past drug use and domestic abuse, and questionable credibility.

Lewis appealed the IJ's decision, *pro se*, and attached to his Notice of Appeal a brief statement of his objections to the IJ's decision. Lewis also checked a box indicating that he "intend[ed]" to file a separate brief or statement. The BIA issued a briefing schedule, and on the day Lewis's brief was due he filed a motion for an extension, which the BIA denied because Lewis failed to include proof of service on the Department of Homeland Security. Subsequently, on June 1, 2004, a single Board Member summarily dismissed Lewis's appeal for failure to file a brief, without considering whether Lewis's statement of reasons on his Notice of Appeal was adequate to permit review. This appeal followed.

We find that in, the circumstances presented here, the BIA's decision did not comport with due process requirements. Two regulations are relevant here. Under 8 C.F.R. § 1003.1(d)(2)(i)(E), the BIA may dismiss a petition where "[t]he party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing ..." Under § 1003.3(b), "[w]here the

appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged".[2]

The BIA has been somewhat inconsistent in its application of these rules, and specifically in its policy toward appeals that contain a statement of reasons but fail to comply with a prescribed briefing schedule. *See In re: Saunders*, 2003 WL 23270098 (BIA Oct. 27, 2003) (unpublished) (considering merits of *pro se* appeal even though appellant, after obtaining an extension of time in which to file a brief, failed to do so); *In re: Valiente–Castaneda*, 2006 WL 448266 (BIA Jan. 23, 2006) (unpublished) (considering merits of petitioner's "very scant" Notice statement despite his statement that he would file a brief and failure to do so); *cf., e.g., In re: Cortes*, 2006 WL 557820 (BIA Feb. 6, 2006) (unpublished) (summarily dismissing counseled appeal because the Notice statement "faile[d] to meaningfully apprise" the BIA of the basis for the appeal *and* the appellant indicated that she would file a brief but failed to do so); *but see In re: Pardo*, 2004 WL 1167063 (BIA Feb. 13, 2004) (unpublished) (dismissing *pro se* appeal for failure to file a brief, without considering whether Notice set forth argument).

In this case, the harshness of the BIA's decision to dismiss Lewis's appeal without even considering whether Lewis's statement was sufficient to permit meaningful review was compounded by the BIA's rejection of Lewis's timely motion for an extension of time in which to file a brief. *Cf. Garcia–Cortez v. Ashcroft*, 366 F.3d 749

---

**2.** As for the first of § 1003.3(b)'s requirements, we note that the IJ's decision is itself ambiguous as to whether the IJ found Lewis statutorily ineligible or simply undeserving, although the latter seems more likely. As Lewis's Notice of Appeal is reasonably clear in challenging the IJ's exercise of discretion, and as *pro se* filings must be construed with some lenience, we find that he adequately met at least the first part of § 1003.3(b).

(9th Cir.2004) (due process requirements precluded summary dismissal based on appellant's failure to file a timely brief after indicating that he would do so). In these circumstances, we conclude that vacatur is appropriate. However overwhelming the backlog facing the BIA, and however strong the incentive to make short work of defective appeals, removal "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.... Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness." *Bridges v. Wixon,* 326 U.S. 135, 154, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945).

For the foregoing reasons, we **RE-MAND** this case to the BIA for further proceedings consistent with this order.