In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-4641

ANJU KOKAR,

*Petitioner*,

*v.*

ALBERTO R. GONZALES,

*Respondent*.

———————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A74-297-991

———————

SUBMITTED OCTOBER 16, 2006—DECIDED MARCH 1, 2007

———————

Before POSNER, RIPPLE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Anju Kokar was taken into cus-
tody by the Department of Homeland Security ("DHS")
after overstaying her visitor's visa. Her applications for
asylum, withholding of removal and relief under the
Convention Against Torture were denied by an Immigra-
tion Judge ("IJ"). Ms. Kokar filed an appeal with the
Board of Immigration Appeals ("BIA"), which summarily
affirmed the IJ's decision. Ms. Kokar then sought further
review in this court. For the reasons set forth in this
opinion, we now affirm the decision of the Board and
deny the petition for review.

**I**

**BACKGROUND**

**A. Facts**

Ms. Kokar[1] is a native of Bangkok, Thailand. In July 2001, she was admitted to the United States on a visitor's visa bearing a false name.

Prior to Ms. Kokar's coming to the United States, her mother had borrowed a large sum of money from loan sharks to pay for medical treatment for Ms. Kokar's step-father. The family encountered difficulties repaying the debt, and Ms. Kokar explored the possibility of coming to the United States to earn the necessary funds. She obtained a passport from a broker; at the time she purchased the passport, the broker informed Ms. Kokar that she would have to work in the United States to repay the cost of the passport. Ms. Kokar believed that the cost of the passport was approximately $6,000.

Upon arrival in the United States, Ms. Kokar was informed that she owed $45,000 for her passport and travel costs and that she would have to work as a prostitute to repay these costs. She worked in several different cities until she was apprehended by the DHS in Houston, Texas. When Ms. Kokar was taken into custody, she was traveling to New York to make a payment towards her $45,000 "debt."

Since the time of her arrest, Ms. Kokar has been employed at a restaurant in Chicago, Illinois, which is owned

---

[1] Anju Kokar is the name that appeared on the false passport. The petitioner's real name is Chalanthorn Malakul. For consistency, however, we shall refer to the petitioner by the name that appeared on the visa.

by her boyfriend's mother. She has been sending approximately $300 per month back to Thailand. She does not know how much of these funds have been used to pay off the original loan and how much of these funds simply have been used by her mother and step-father for living expenses. At her removal proceeding, Ms. Kokar testified that "[s]he is afraid of [the loan sharks] and what they might do" if she were returned to Thailand.[2] She also stated that she did not believe that the Thai police would assist her if she encountered problems with the loan sharks.

## B. Administrative Proceedings

In her initial removal hearing, Ms. Kokar admitted that she had entered the country illegally, but sought asylum, withholding of removal and relief under the Convention Against Torture.[3] The IJ found that Ms. Kokar had testified credibly to the above facts. However, the IJ denied relief because Ms. Kokar had failed to establish that she was a member of "a particular social group which would be cognizable under the Immigration and Nationality Act,"

---

[2] Petitioner's Br. at 5.

[3] Initially, Ms. Kokar's counsel indicated that she would be seeking protection under the Victims of Trafficking and Violence Protection Act of 2000. Because "T-visas" are outside of the IJ's area of responsibility, the IJ rescheduled Ms. Kokar's removal hearing to allow her an opportunity to seek this relief. At the time of the rescheduled hearing, Ms. Kokar had not obtained this relief, and Ms. Kokar's attorney expressed doubt both as to whether this type of relief would be available to Ms. Kokar and as to how he should proceed with this application.

specifically "disadvantaged women who are taken advantage of by the system in Thailand or by 'loan sharks.'" A.R.21. Furthermore, the IJ determined that "she ha[d] not established that there exists a reasonable possibility of persecution on account of the group characteristics." *Id.* at 22. Additionally, the IJ found that Ms. Kokar's subjective fear of mistreatment at the hands of loan sharks was not objectively reasonable given that neither her mother, nor her other relatives, had been harmed or forced into prostitution as a result of the debt owed. Finally, the IJ denied Ms. Kokar's claims because she failed to establish that the government of Thailand would be unwilling or unable to protect her if she was threatened by the loan sharks.[4]

On November 9, 2004, Ms. Kokar's attorney filed a notice of appeal with the BIA. The notice of appeal instructed that the appellant "[s]tate in detail the reason(s) for this appeal." A.R.8. The notice also contained the following highlighted warning:

> **!WARNING**: You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to the Notice of Appeal, why you are appealing.

*Id*. The stated basis for Ms. Kokar's appeal was: "While finding Respondent's testimony to be credible, IJ erred in

---

[4] Because Ms. Kokar did not meet the criteria for asylum, the IJ also determined that Ms. Kokar did not meet the more stringent requirements for withholding of removal or protection under the Convention Against Torture.

denying her asylum by refusing to recognize her as a member of the protected social group of 'victims of women traffiking [sic] for prostitution[]' under the U.S. asylum laws." *Id.*

On the same page of the notice, the form asked the appellant: "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" *Id.* Immediately beneath this question was another warning:

> **!WARNING**: If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive the briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

*Id.*

The Board later sent the parties a briefing schedule dated July 26, 2005. The briefing schedule again warned Ms. Kokar that, if she failed to file a brief or statement within the time set by the briefing schedule, the appeal could be dismissed.[5] However, no brief was filed on behalf of Ms. Kokar, nor did Ms. Kokar or her attorney submit a statement explaining their failure to do so.

---

[5] Specifically, the notice of briefing schedule stated:

> **WARNING**: If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file the brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

A.R.3.

The BIA summarily dismissed Ms. Kokar's appeal on November 30, 2005. In its opinion, the Board recounted that Ms. Kokar had checked the box indicating a separate brief or statement would be filed. "However," the Board continued, "the record indicates that the appellant did not file such brief or statement, or reasonably explain the failure to do so, within the time set for filing. Accordingly, the appeal is summarily dismissed under the provisions of 8 C.F.R. § 1003.1(d)(2)(i)(E)." A.R.2.

Ms. Kokar timely sought review in this court.

## II

## ANALYSIS

### A.

This court has not determined the standard of review which should be applied to summary dismissals by the BIA. Ms. Kokar points to *Awe v. Ashcroft*, 324 F.3d 509 (7th Cir. 2003), for the proposition that "[t]his Court should review the summary dismissal to determine whether it is appropriate." Petitioner's Br. at 7. In *Awe*, this court observed that "[w]e do not see anything in the record here to suggest that the BIA inappropriately exercised its power in summarily dismissing Awe's appeal under § 3.1(d)(2)(i)(D),[6] and we therefore affirm its decision on these grounds." 324 F.3d at 513; *see also Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 751 (9th Cir. 2004) (reviewing summary dismissal for appropriateness). However, there is no discussion in the court's opinion regarding stand-

---

[6] The regulation subsequently has been renumbered as 8 C.F.R. § 1003.1(d)(2)(i).

ard of review, nor is there any indication that the court meant for this statement to establish the standard to be applied.

The Government acknowledges the language in *Awe*, but correctly notes that *Awe* "did not expressly articulate" a standard of review. Respondent's Br. at 13. It urges this court to adopt the abuse of discretion standard employed by the Fifth Circuit in *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir. 2003), and more recently adopted by the Eleventh Circuit in *Esponda v. United States Attorney General*, 453 F.3d 1319, 1321 (11th Cir. 2006). In *Esponda*, the court explained that "[b]ecause the regulation at issue here, 8 C.F.R. § 1003.1(d)(2)(i)(E), indicates that the BIA 'may' summarily dismiss an appeal, it vests discretion in the BIA. Thus, we review the BIA's application of the regulation to summarily dismiss the Espondas' appeal for abuse of discretion." *Id.* at 1321.

The present appeal, however, does not require us to resolve the standard of review question because we perceive no error or abuse of discretion in the BIA's dismissal of Ms. Kokar's administrative appeal.

**B.**

### 1. This Court's Earlier Precedent

This court previously has addressed the BIA's dismissal of "procedurally defective" appeals. *Awe*, 324 F.3d at 512; *see also Stroe v. INS*, 256 F.3d 498, 499 (7th Cir. 2001). In *Stroe*, the petitioners, who were represented by counsel, appealed an adverse asylum decision to the BIA. Petitioners' counsel received an initial thirty-day extension to file a brief; however, counsel failed to file a brief on behalf

of the petitioners until three months after the extended deadline. Prior to the BIA's receipt of the brief, it had dismissed the appeal on the ground that a brief had not been filed. Before this court, the petitioners argued that the Board had denied them "due process of law when it dismissed the appeal for failure to file a timely brief without having notified them of the possibility that dismissal might be a consequence of such a failure." *Stroe*, 256 F.3d at 499. We characterized this argument as "border[ing] on the frivolous":

> The Board was under no duty, either constitutional or statutory, to send [counsel] periodic reminders. An appellant's failure to file a brief is a serious procedural default, and, at least when the appellant is represented by counsel . . . dismissal is an appropriate sanction.

*Id.*

We held similarly in *Awe*, 324 F.3d at 513. As in *Stroe*, the petitioner in *Awe* had received an adverse ruling from an IJ on his applications for asylum and withholding of deportation. Awe appealed to the BIA

> by submitting a Notice of Appeal, Form EOIR-26, on which he checked the box indicating that he intended to file a separate written brief in support of his appeal. Also, in the space provided on the Notice of Appeal itself, Awe stated in some detail his reasons for appealing the IJ's decision. At that time Awe requested, and later received, an additional 30 days to file his brief; however, he never submitted a brief or an explanation for its absence to the BIA. One month after Awe's brief was due but never filed, the INS filed a brief expressing its support for the IJ's decision. Two months later the BIA summarily dismissed Awe's appeal, citing 8 C.F.R. § 3.1(d)(2)(i)(D).

*Id.* at 512. In his brief before this court, Awe did not challenge the BIA's "decision to dismiss his petition for procedural reasons but instead argue[d] that the BIA's substantive review of the IJ's decision was flawed." *Id.* At oral argument, Awe's attorney acknowledged that he had missed the briefing deadline, but argued that "his mistake was not fatal because the Notice of Appeal gave the BIA a 'fair appraisal' of the issues to be addressed in Awe's appeal." *Id.* at 513. We held that Awe's notice argument was waived because he failed to present it to the court prior to oral argument. However, we continued:

> Even assuming Awe had not waived his right to challenge the BIA's procedural dismissal, we note that 8 C.F.R. § 3.1(d)(2)(i)(D) explicitly gives the BIA authority to dismiss procedurally defective appeals, and we have condoned the BIA's use of this power in cases similar to this one. *See Stroe v. INS*, 256 F.3d 498, 499 (7th Cir. 2001) (holding summary dismissal appropriate where party indicated he would file brief, requested and received 30-day filing extension, and never filed brief nor explained why he had not); *accord Rioja v. Ashcroft*, 317 F.3d 514, 515-16 (5th Cir. 2003). We do not see anything in the record here to suggest that the BIA inappropriately exercised its power in summarily dismissing Awe's appeal under § 3.1(d)(2)(i)(D), and we therefore affirm its decision on these grounds.

*Awe*, 324 F.3d at 513.[7] With these authorities in mind, we turn to Ms. Kokar's arguments.

---

[7] In rejecting Awe's argument, we specifically noted that the Ninth Circuit had "held that the BIA may excuse a petitioner's failure to file a brief if the Notice of Appeal is sufficiently thorough." *Awe v. Ashcroft*, 324 F.3d 509, 513 (7th Cir. 2003) (citing *Casas-Chavez v. INS*, 300 F.3d 1088, 1091 (9th Cir. 2002)).

**2. Ms. Kokar's Contentions**

Ms. Kokar presents two arguments for our consideration. First, she submits that the BIA erred when it dismissed her appeal because it failed to give adequate reasons for its decision. Second, she maintains that, under the circumstances presented here, the BIA's dismissal of her appeal violated due process.

**a.**

With respect to her first argument, Ms. Kokar submits that, because dismissal under § 1003.1(d)(2)(1)(E) is permissive, rather than mandatory, the BIA was required to justify its application of the summary dismissal rule in her case. Ms. Kokar does not point to any authority that has imposed this requirement on the BIA. Indeed, Ms. Kokar's argument runs counter to this court's case law, which has upheld the BIA's use of the summary dismissal mechanism without requiring further explanation or justification by the BIA. *See, e.g.*, *Awe*, 324 F.3d at 513; *Stroe*, 256 F.3d at 499.

**b.**

Ms. Kokar also contends that, under the circumstances of her case, the BIA's invocation of § 1003.1(d)(2)(i)(E) violated her right to due process. Specifically, relying on *Garcia-Cortez v. Ashcroft*, 366 F.3d 749 (9th Cir. 2004), and *Casas-Chavez v. INS*, 300 F.3d 1088 (9th Cir. 2002), Ms. Kokar claims that, when an appellant has articulated the basis of her claim in the notice of appeal, summary dismissal for failure to timely file a brief violates due process.

As an initial matter, we must consider whether this argument is properly before us. Ms. Kokar never presented her due process argument to the BIA by way of a motion to reopen. "Although due process claims generally do not require exhaustion because the BIA does not have authority to review constitutional challenges, when those issues involve procedural errors correctable by the BIA, applicants must raise such claims as part of their administrative appeal." *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir. 2004). Here, according to Ms. Kokar, the BIA could have cured the alleged due process violation either by evaluating the adequacy of her claim as set forth in the notice of appeal or by considering her claim on the merits. Thus, Ms. Kokar's due process claim appears to be one that is "correctable by the BIA," and therefore subject to the exhaustion requirement.

However, even if Ms. Kokar's due process claim were properly before us, we nevertheless would reject her claim on the merits. Ms. Kokar's argument rests primarily on the Ninth Circuit's opinion in *Garcia-Cortez*. The Ninth Circuit stated:

> When an alien gives detailed reasons to support his appeal, either in a separate brief or on the Notice of Appeal itself, summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E) violates the alien's due process rights as guaranteed by the Fifth Amendment. [*Casas-Chavez*, 300 F.3d at] 1090 n.2. Due process requires that aliens who seek to appeal be given a fair opportunity to present their cases. The federal regulation operates within the bounds of this constitutional guarantee. The reason why it is permissible for the BIA to summarily dismiss an appeal for failure to timely file a brief is that an alien appealing an order of removal must provide the BIA with adequate notice

of the specific grounds for his appeal. But when the alien has in fact provided such notice to the BIA, this justification falls away, and summary dismissal for failure to timely file a brief violates the alien's constitutional right to a fair appeal. *See Casas-Chavez*, 300 F.3d at 1090-91 n.3.

*Garcia-Cortez*, 366 F.3d at 753 (additional quotation marks and citations omitted).[8]

As our earlier precedent makes clear, we respectfully disagree with our colleagues' assessment for two reasons. First, we believe that the authority for the court's initial proposition is illusory. The portion of *Casas-Chavez* cited by the court states:

When the petitioner establishes the ground for appeal with sufficient clarity on the Notice of Appeal form, the mere failure to file a brief after indicating one would be filed *may not be a constitutionally sufficient* rationale for dismissing an alien's appeal without considering the merits. *See Castillo-Manzanerez*, 65 F.3d at 796 n.3.

300 F.3d at 1090 n.2 (emphasis added).

However, in *Castillo-Manzanerez v. INS*, 65 F.3d 793, 795-96 n.3 (9th Cir. 1995), the entire footnote reads:

An amendment to 8 C.F.R. § 3.1(d)(1-a), effective January 13, 1994, allows the BIA to summarily dismiss an appeal where a petitioner indicates on Form EOIR-26 "that he or she will file a brief or statement

---

[8] The Ninth Circuit has recognized that, in the absence of specific reasons stated in the notice of appeal, the BIA's invocation of § 1003.1(d)(2)(i) does not violate due process. *See Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir. 2005).

in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(1-a)(E) (1995). *Even assuming that the amendment states a constitutionally adequate ground upon which to base a summary dismissal*, we note that the regulation did not become effective until almost four years after Castillo-Manzanarez filed his Notice of Appeal. Thus, contrary to the government's contention, the amendment does not govern the outcome of this case.

*Id.* (emphasis added). In sum, the Ninth Circuit only *suggested* in *Castillo-Manzanerez* that summary dismissal under the present circumstances may not be constitutionally sound; this suggestion, however, was merely dicta and was not accompanied by any analysis. The *suggestion* was repeated in *Casas-Chavez*, again without explanation or elaboration. In *Garcia-Cortez*, however, this suggestion became, without further explanation or elaboration, *an affirmative statement* that due process is violated when the BIA invokes 8 C.F.R. § 1003.1(d)(2)(i)(E) to dismiss an appeal when the party has explained the basis of the appeal on the notice of appeal form.[9]

In addition to relying on *Casas-Chavez*, the Ninth Circuit in *Garcia-Cortez* also offered the following justification for its holding, which, with respect, we also find unpersuasive:

Due process "requires that aliens who seek to appeal be given a fair opportunity to present their cases." . . .

---

[9] As has been set forth above, *see supra* note 7, this court was aware of the holding of the Ninth Circuit in *Casas-Chavez* when it issued its decision in *Awe*.

The reason why it is permissible for the BIA to summarily dismiss an appeal for failure to timely file a brief is that an alien appealing an order of removal must provide the BIA with adequate notice of the specific grounds for his appeal. But when the alien has in fact provided such notice to the BIA, this justification falls away, and summary dismissal for failure to timely file a brief violates the alien's constitutional right to a fair appeal.

366 F.3d at 753 (citations omitted). The statement, however, fails to acknowledge that the filing of a brief before the BIA is optional. In order for an appeal to be considered by the BIA, the alien need only give an explanation of the claim (and its factual or legal basis) on the Notice of Appeal form. Thus, all aliens have a "fair opportunity to present their cases." *Id.* The alien, however, may *choose* to file a brief to provide further explanation with respect to her claims. *If* the alien chooses to file a brief, *then* the alien must do so within the time limits specified by the BIA or, if she cannot do so, provide the BIA with an explanation for that inability. The reason why it is permissible for the BIA to summarily dismiss an appeal *for failure to timely file a brief* is not solely, as the Ninth Circuit states, to apprise the BIA of the specific grounds of the appeal; it also is to permit the Board to manage its large docket. Indeed, this court has recognized that "[a]n appellant's failure to file a brief is a serious procedural default" for which dismissal is "an appropriate sanction." *Stroe*, 256 F.3d at 499.[10]

---

[10] However, even if we were to follow the Ninth Circuit and hold that appeals may not be dismissed for failure to file a brief

(continued...)

## c.

The Court of Appeals for the Eleventh Circuit also has determined that summary dismissal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) violates due process when the alien

---

[10] (...continued)
when the grounds for the appeal have been set forth adequately in the Notice of Appeal, the rule would not benefit Ms. Kokar. The Ninth Circuit held in *Garcia-Cortez* that a summary dismissal for failure to file a brief violates due process only if "adequate notice" is given to the BIA regarding the basis of the appeal. *Garcia-Cortez*, 366 F.3d at 753. In an earlier case, that court explained that an adequate notice was one that met the requirements set forth in 8 C.F.R. § 3.1(d) (now 8 C.F.R. § 1003.3(b)). *See Castillo-Manzanarez v. INS*, 65 F.3d 793, 795 (9th Cir. 1995). The Ninth Circuit reiterated that "[w]here eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. . . . Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested." *Id.* (internal quotation marks, citations and emphasis omitted).

In this case, however, the only statement in the notice of appeal explaining the basis of the appeal was the following: "While finding Respondent's testimony to be credible, IJ erred in denying her asylum by refusing to recognize her as a member of the protected social group of 'victims of women traffiking [sic] for prostitution[]' under the U.S. asylum laws." A.R.8. No further explanation of the claim was given, nor was the statement accompanied by any reference to the administrative record or to legal authorities. Consequently, even if we were to apply the Ninth Circuit's standard, we believe that the BIA's dismissal of Ms. Kokar's appeal still would survive a constitutional challenge.

adequately has apprised the Board of the nature of the claim by way of the Notice of Appeal. *See Esponda*, 453 F.3d 1319.[11] However, the rationale for its conclusion differs from that of the Ninth Circuit:

> Although 8 C.F.R. § 1003.1(d)(2)(i)(E) may appear clear on its face, it conflicts with 8 C.F.R. § 1003.3(b), which states that "[a] party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)." Thus, § 1003.3(b) can be interpreted to shield petitioners from summary dismissal so long as they adequately identify the basis for their appeal either on the Notice of Appeal or in a supplementary brief. The conflict between these two provisions creates an ambiguity regarding whether the BIA may summarily dismiss an appeal in cases where, although petitioners have indicated that they will file a supplementary brief and then failed to do so or offer an explanation, they have fully apprised the Board of the basis for their appeal on the Notice of Appeal.
>
> The Supreme Court on several occasions has noted the longstanding principle that ambiguities in deportation laws should be construed in favor of the

---

[11] Ms. Kokar did not submit *Esponda v. United States Attorney General*, 453 F.3d 1319 (11th Cir. 2006), to this court as supplemental authority; nor did she present to this court an argument based on the alleged ambiguity in the regulations similar to the one forwarded by the appellants in *Esponda*. Despite this shortcoming, we believe that, for the sake of completeness, we must address the rationale of our sister circuit.

> alien. *See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 320 (2001); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987). In light of this principle, we hold that the BIA abused its discretion when, without determining whether the Notice of Appeal adequately set forth the basis for the petitioners' appeal, it summarily dismissed the appeal solely because petitioners indicated on the Notice of Appeal that they would file a supplementary brief and then failed to do so and failed to offer an explanation for not filing a brief.

*Esponda*, 453 F.3d at 1322 (parallel citations omitted).

We respectfully disagree with the Eleventh Circuit that the combination of § 1003.1 and § 1003.3 creates ambiguity. Section 1003.3 states that

> [t]he party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). *The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. . . . The appellant must also indicate in the Notice of Appeal . . .* whether he or she desires oral argument before the Board and *whether he or she will be filing a separate written brief or statement in support of the appeal. . . .*

8 C.F.R. § 1003.3 (emphasis added). Thus, § 1003.3 requires that the appellant both specifically identify the bases of the IJ's opinion being challenged and indicate whether she will file a separate written brief. These requirements are consistent with the summary dismissal powers of the Board set forth in 8 C.F.R. § 1003.1(d)(2)(i), which provides that there are eight circumstances under

which "[a] single Board member or panel may summarily dismiss any appeal or portion of any appeal"; those include "(A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith;" and "(E) The party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing . . . ."

At bottom, the Eleventh Circuit's view is that, because § 1003.3 contains an additional warning with respect to the consequences for failure to identify the reasons for appeal, an appellant might be lured into believing that this shortcoming, and this shortcoming alone, might result in summary dismissal. In addition to giving a warning, however, § 1003.3 also cross-references § 1003.1, which clearly identifies all of the grounds for summary dismissal. No person, certainly no attorney, who read both § 1003.3 and § 1003.1 would be confused about the actions or failures that might result in summary dismissal.

Furthermore, that an appellant may suffer summary dismissal either for failing to set forth reasons or for failing to file a brief (after indicating an intention to do so) is also apparent from the face of the notice of appeal form, Form EOIR-26. Item 6 of Form EOIR-26 requests that the appellant "[s]tate in detail the reason(s) for this appeal." A.R.8. Immediately following Item 6 is the following warning:

> **!WARNING**: You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this

> Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

*Id.* Item 8 of the notice of appeal also asks, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" Item 8 is immediately followed by language similar to that which follows Item 6:

> **! WARNING**: If you mark "yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief of statement within the time set in the briefing schedule.

*Id.* Any appellant who reads Form EOIR-26 would understand the consequences of failing to file a brief, consequences consistent with § 1003.1.

Section 1003.3 requires the appellant both to articulate the grounds for appeal and to indicate whether a brief will be filed. Section 1003.1 informs the appellant that the appeal may be subject to summary dismissal if she either fails to detail her reasons for appeal or fails to file a brief after indicating that she will do so. Form EOIR-26 repeats both the requirements of § 1003.3, as well as the possibility of summary dismissal for failure to articulate reasons or to file a brief after indicating that she will do so, consistent with § 1003.1. Consequently, we do not believe that there is a realistic possibility that an appellant, or her counsel, might be confused about the BIA's power to summarily dismiss an appeal pursuant to § 1003.1(d)(2)(i)(E) under these circumstances, and, therefore, the regulations present no due process concerns.

Although we respect the positions taken by our sister circuits on this issue, neither the rationale of the Ninth

Circuit nor that of the Eleventh Circuit persuade us that
we should revisit our decisions in *Stroe* and in *Awe*.[12] An
alien seeking review by the BIA has the option to sup-
plement the reasons for appeal set forth in the notice
with a separate statement or brief. There is no require-
ment that she do so; however, having chosen to take that
route, she must comply with the procedural deadlines set
forth by the BIA or face the possibility of dismissal, conse-

---

[12] The Ninth and Eleventh Circuits are not the only other circuits
that have spoken on this issue. The Fifth and Sixth Circuits have
taken a position similar to this court's. *See Rioja v. Ashcroft*, 317
F.3d 514, 515-16 (5th Cir. 2003) ("The BIA was within its statu-
torily designated discretion to summarily dismiss Rioja's ap-
peal after he indicated on the notice of appeal form that a
separate brief or statement would be filed and then failed to
submit such brief or statement before the filing deadline.");
*Ahmed v. Gonzales*, 198 F. App'x 517, 520 (6th Cir. 2006) (unpub-
lished) ("We now follow the Fifth Circuit in holding that fail-
ure to file a supplementary brief alone may be and is here an
adequate ground for summary dismissal."). The Third Circuit,
by contrast, has followed the rationale of the Eleventh Circuit
in *Esponda*. *See Then v. Attorney General of the United States*, No.
05-4883, 2006 WL 3068893, at *3 (3d Cir. Oct. 30, 2006) (unpub-
lished) (remanding case to the BIA for consideration of reasons
set forth in the notice of appeal even though petitioner had
failed to file a brief after indicating on Form EOIR-26 that he
would do so).

Finally, although the Second Circuit has not spoken to the
exact circumstances set forth here, it has held that due process
is violated when the BIA summarily dismisses a case in which
a pro-se petitioner sets forth reasons for his appeal in the
notice of appeal, indicates that he will file a brief and files a
timely motion for extension of time in which to file a brief. *See
Lewis v. Chertoff*, 194 F. App'x 1, 2 (2d Cir. 2006) (unpublished).

quences clearly set forth on the face of the notice of appeal. The subsequent dismissal of an appeal for failure to comply with these deadlines cannot be characterized as the result of legitimate confusion over the possible consequence and, especially when the alien has the benefit of counsel, does not deprive the alien of the right to be heard. Instead, it preserves the right common to adjudicative bodies, here the BIA, to control their docket and to penalize "serious procedural default[s]." *See Stroe*, 256 F.3d at 499.[13]

## Conclusion

For the foregoing reasons, the petition for review is denied, and the decision of the BIA is affirmed.

PETITION DENIED
DECISION AFFIRMED

---

[13] We note that Ms. Kokar does not argue that 8 C.F.R. § 1003.1(d)(2)(i)(E) is being applied by the BIA in an even-handed or freakish manner, nor are there facts in the record that would support such a conclusion. *Cf. Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (reciting the rule that, in order to be "an adequate ground of decision" as to bar federal habeas review, a state's procedural rule must be "applied in a consistent and principled way" and may not be "employed infrequently, unexpectedly, or freakishly" (internal quotation marks and citations omitted)). Consequently, we have no occasion to determine whether such an argument, if supported by the record, would constitute a due process violation.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*