**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1581
_____

JORGE ARGUETA-ORELLANA
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A216-430-317)
Immigration Judge: Tamar H. Wilson
_____

Argued November 9, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit
Judges.*

(Opinion Filed: May 20, 2022)

Jorge Argueta-Orellana
Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL 35901
        *Petitioner Pro Se*

Arleigh P. Helfer, III [ARGUED]
Bruce P. Merenstein
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103
        *Court Appointed Amicus Curiae*


John B. Holt
John F. Stanton [ARGUED]
Brian Boynton
Keith I. McManus
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

_____

OPINION
_____

MATEY, *Circuit Judge*.

The Board of Immigration Appeals ("Board") gives petitioners a choice: you need not file a brief supporting your appeal but, if you say you will and do not, your challenge might be dismissed. Petitioner Jorge Argueta-Orellana did not heed that warning and, after stating a brief supporting his appeal would follow, filed nothing. Following that rule, the Board exercised its discretion and dismissed his case, a decision that is neither arbitrary nor irrational. Nor can we consider the new arguments raised for the first time on appeal. As a result, we will deny the petition in part, and dismiss the remainder.

## I.

Argueta-Orellana is a citizen of El Salvador who entered the United States illegally and was charged with unlawful presence. He conceded removability and, assisted by counsel, filed an application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An Immigration Judge denied his application and ordered him removed.

Still represented by counsel, Argueta-Orellana appealed to the Board. The Board's standard Notice of Appeal (known as a "Form EOIR-26") asks whether the appellant intends to file an optional written brief or statement, advising:

> **WARNING:** If you mark "Yes" . . . , you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

(A.R. at 12.) Argueta-Orellana's counsel marked "Yes." (A.R. at 12.) As a result, the Board issued a briefing schedule which repeated:

> **WARNING:** If you indicate on the Notice of Appeal . . . that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal.

(A.R. at 6.) The Board later sent Argueta-Orellana a signed copy of the judge's decision, along with a reminder of the briefing schedule containing the identical caution. Despite those three warnings, Argueta-Orellana filed nothing. Exercising its discretion, the Board dismissed Argueta-Orellana's appeal under 8 C.F.R. § 1003.l(d)(2)(i)(E). This timely petition followed.[1]

## II.

We have limited jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a)(1), looking only for an

---

[1] Argueta-Orellana appealed pro se and we directed the Clerk to appoint amicus curiae to address "whether the [Board] erred in summarily dismissing petitioner's appeal before the agency for failure to file a brief." (ECF No. 14.) We later issued a revised briefing schedule allowing Argueta-Orellana to file his own pro se brief. (ECF No. 39.) We thank counsel for the able assistance, and Argueta-Orellana "wholly agrees with the central reasoning put forth by Amicus Curiae." (Pro Se Br. at 14.)

abuse of discretion. *Uddin v. Att'y Gen.*, 870 F.3d 282, 288 (3d Cir. 2017). Under that standard, "[t]he [Board's] discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law." *Alzaarir v. Att'y Gen.,* 639 F.3d 86, 89 (3d Cir. 2011) (per curiam). If a summary dismissal follows application of the regulation, then, by definition, no abuse of discretion occurred. And because we find neither arbitrariness, irrationality, nor a decision contrary to law, we will dismiss the petition.

## A.   The Regulation's Ordinary Meaning

As always, our "review of a regulation centers on the ordinary meaning of the text." *Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 710–11 (3d Cir. 2020). A task we approach using "all the 'traditional tools' of construction." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) (quoting *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, n.9); *see also Arcos Sanchez v. Att'y Gen.*, 997 F.3d 113, 119 (3d Cir. 2021). When "a reviewing court employs all of the traditional tools of construction, the court will almost always reach a conclusion about the best interpretation." *Shular v. United States*, 140 S. Ct. 779, 788 (2020) (Kavanaugh, J., concurring) (quoting *Kisor*, 139 S. Ct. at 2448 (Kavanaugh, J., concurring)). That is the case here.

Under 8 C.F.R. § 1003.1(d)(2)(i)(A)–(H), the Board may summarily dismiss an appeal in eight specific circumstances. One of those relates to the failure to file a supporting brief:

> A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned

indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.

8 C.F.R. § 1003.1(d)(2)(i)(E). There are no exceptional or unusual meanings in this text, only discretion to summarily dismiss when a brief is promised but, without explanation, not provided. Understandably, Argueta-Orellana does not directly challenge that reading. Instead, he sees conflict in context. But we are not persuaded, as following the text of § 1003.1(d)(2)(i)(E) is not an abuse of discretion.

**B.      There is No Textual Tension**

Argueta-Orellana relies on another regulation discussing the requirements for a Notice of Appeal. That provision, 8 C.F.R. § 1003.3(b), lists the usual substance for an appellate filing, including "the findings of fact, the conclusions of law, or both, that are being challenged," and citations to any supporting authority. Argueta-Orellana reads this language as a qualifier on the discretion provided under § 1003.1(d)(2)(i)(E), allowing the Board to dismiss *only* when the Notice of Appeal is defective because it departs from the requirements of § 1003.3(b).[2] Otherwise, he says, the Board could decline to decide an appeal that fully complies with the § 1003.3(b) standards even if there is nothing to add in a supplemental statement or brief. He is correct the Board *could*

---

[2] A position adopted in *Esponda v. Att'y Gen.*, 453 F.3d 1319, 1322 (11th Cir. 2006).

6

still decide the appeal, but incorrect to conclude that they must. Three reasons explain why.

First, § 1003.3(b) reiterates that the optional brief is not an alternative to the requirements of the Notice. 8 C.F.R. § 1003.3(b) ("[A]ppellant *must also* indicate in the Notice of Appeal . . . whether he or she will be filing a separate written brief or statement in support of the appeal." (emphasis added)). So "[n]o person, certainly no attorney, who read both § 1003.3 and § 1003.1 would be confused about the actions or failures that might result in summary dismissal." *Kokar v. Gonzales*, 478 F.3d 803, 812 (7th Cir. 2007). Satisfying § 1003.3(b) is necessary, but not sufficient, to avoid possible dismissal.

Second, Argueta-Orellana's reading would harm, rather than harmonize, the statutory structure. Holding that satisfying § 1003.3(b) precludes discretionary dismissal under § 1003.1(d)(2)(i)(E) would also prevent dismissals for a lack of jurisdiction or an untimely appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(F), (G). That is why "[t]he provisions of a text should be interpreted in a way that renders them compatible, not contradictory." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012). We "must therefore interpret the statute 'as a symmetrical and coherent regulatory scheme,'" *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569 (1995)), and "fit, if possible, all parts into an harmonious whole," *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 100 (2012) (quoting *FTC v. Mandel Bros.*, 359 U.S. 385, 389 (1959)).

Third, there is the obvious reason that failure to file a brief after expressing intent to do so is "a serious procedural

7

default" for which "dismissal is an appropriate sanction." *Stroe v. INS*, 256 F.3d 498, 499 (7th Cir. 2001). If, as Argueta-Orellana prefers, a petitioner could claim further argument is coming, provide none, and suffer no penalty, then the Board would face an endless paper chase that delays decisions and frustrates finality. The Board's straightforward application of § 1003.l(d)(2)(i)(E) avoids all that by providing an independent ground for summary dismissal.[3]

## C.     The Remaining Claims are not Exhausted

Supplementing the arguments raised by Amicus, Argueta-Orellana suggests that applying § 1003.l(d)(2)(i)(E) to dismiss his appeal violated "[f]undamental notions of 'fair play,'" (Pro Se Br. at 27), and that "[d]ue process require[d] 'that the decision maker actually consider the evidence and argument that a party presents.'" (Pro Se Br. at 15 (quoting *Morgan v. United States*, 298 U.S. 468, 481 (1936)).) But Argueta-Orellana did not raise these claims before and each, "stripped of its 'due process' label, is a claim of procedural error that could have been addressed by the [Board]." *Khan v.*

---

[3] A conclusion shared by several opinions. *See, e.g.*, *Kokar*, 478 F.3d at 810 (§ 1003.1 "permit[s] the Board to manage its large docket." (citing *Stroe*, 256 F.3d at 499)); *Awe v. Ashcroft*, 324 F.3d 509, 513 (7th Cir. 2003) ("[§ 1003.1(d)(2)(i)(E)] explicitly gives the BIA authority to dismiss procedurally defective appeals."); *Rioja v. Ashcroft*, 317 F.3d 514, 515–16 (5th Cir. 2003) (per curiam) ("The BIA was within its statutorily designated discretion to summarily dismiss Rioja's appeal after he indicated on the notice of appeal form that a separate brief or statement would be filed and then failed to submit such brief or statement before the filing deadline.").

*Att'y Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006). Argueta-Orellana's "failure to do so is thus fatal to our jurisdiction over this petition." *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005). Even if we had jurisdiction, the argument is unavailing. Filing a separate brief before the Board is optional so "all aliens have a 'fair opportunity to present their cases.'" *Kokar*, 478 F.3d at 810 (citations omitted). And a fair opportunity to be heard is all the process owed under the Fifth Amendment. Likewise, we cannot consider Argueta-Orellana's charges of ineffective assistance because he did not exhaust that claim before the Board.[4]

## III.

For these reasons, we will deny the petition for review in part and dismiss the remainder.

---

[4] A process that requires the alien to file either a motion for reconsideration or a motion to reopen, supported by an affidavit detailing the relevant facts, and former counsel must be informed and allowed to respond. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (citing *Matter of Lozada,* 19 I. & N. Dec. 637, 639). Argueta-Orellana filed neither, and the time for either has long run. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2) (motion to reconsider must be filed within thirty days); 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of the date of entry of final order of removal). While attorney conduct can equitably toll the ninety-day deadline, Argueta-Orellana has not shown the due diligence essential to tolling. *Mahmood v. Gonzales*, 427 F.3d 248, 250–51, 252–53 (3d Cir. 2005); *Borges v. Gonzales,* 402 F.3d 398, 407 (3d Cir. 2005).