NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1682
_____

HECTOR ABRAHAM GUERRA-LOPEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA 1:A205-760-142)
Immigration Judge:  David Cheng
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 4, 2024

Before:  JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Filed: March 19, 2024)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Hector Guerra-Lopez petitions for review from the Board of Immigration Appeals

("BIA") summarily dismissing his appeal from an order of the Immigration Judge ("IJ")

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

that denied him withholding of removal.  Because the BIA did not abuse its discretion, we will deny the petition.

## I.   BACKGROUND

Guerra-Lopez is a citizen of El Salvador.  He entered the United States unlawfully on December 5, 2012, and, that same day, the Department of Homeland Security ("DHS") issued his removal order.  He was removed to El Salvaor on January 3, 2013.  He unlawfully re-entered the United States in September of 2015.  After Guerra-Lopez's re-entry, the DHS, on September 27, 2015, issued a Notice of Intent/Decision to Reinstate Prior Order.[1]   It also referred Guerra-Lopez to an asylum officer for a reasonable-fear interview because he had expressed a fear of returning to El Salvador.  The asylum officer found that he failed to establish a reasonable fear of persecution or torture.  Guerra-Lopez appealed that finding to an IJ.

---

[1] When an alien unlawfully reenters the United States aftering having been previously removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed."  8 U.S.C. § 1231(a)(5).  The alien "is not eligible and may not apply for any relief."  *Id.*  Because Guerra-Lopez's 2012 removal order was reinstated, he could seek to avoid removal to El Salvador via withholding of removal, 8 U.S.C. § 1231(b)(3), or the Covention Against Torture, 8 C.F.R. § 1208.16(c)(2), if he claimed a reasonable fear of persecution or torture, in which case he is referred to an asylum officer for a reasonable fear interview. 8 C.F.R. § 241.8(e); Regulations Concerning the Covention Against Torture, 64 Fed. Reg. 8478, 8485 (Feb. 19, 1999).  If the asylum officer finds that the alien "has not established a reasonable fear of persecution or torture," the alien may ask an IJ to review that determination.  8 C.F.R. § 208.31(f).  If an IJ disagrees with the asylum officer's determination, the IJ may place the alien in "withholding-only proceedings," *Johnson v. Guzman Chavez*, 594 U.S. 523, 530-31 (2021), and review de novo his or her eligibility.  8 C.F.R. § 208.31(g)(2).

The IJ vacated the asylum officer's reasonable-fear determination and placed Guerra-Lopez in withholding-only proceedings. In a pre-hearing brief for those proceedings, Guerra-Lopez sought withholding of removal and protection under the Convention Against Torture ("CAT") and advanced three bases for concluding that he had suffered past persecution. First, he claimed to be a member of "the particular social group of young Salvadoran men living in territory controlled by the de facto government of the Mara Salvatrucha [("MS-13")][2] who are targeted for and resist forced conscription into the forces of the [MS-13.]" (A.R. at 950 (cleaned up).) Second, he said he was prevented from attending Catholic mass and "receiv[ing] the sacraments and follow[ing] the doctrines of his religion[.]" (A.R. at 951.) And third, he said he had been forced by the MS-13 to vote for the Farabundo Martí National Liberation Front ("FMLN")[3] presidential candidate. Because of all that, he argued "it [was] more likely than not that [he] would suffer persecution" if he returned to El Salvador. (A.R. at 950.)

The IJ granted statutory withholding of removal but did not reach a decision on the CAT claim. The IJ decided that a group designated as "Salvadoran men who live in area controlled by the MS-13" was a cognizable social group because it was "defined by

---

[2] Mara Salvatrucha is an international criminal gang commonly known as MS-13. *Mara Salvatrucha*, Encyclopedia Britannica, https://www.britannica.com/topic/Mara-Salvatrucha (Jan. 23, 2024).

[3] The Farabundo Martí National Liberation Front ("FMLN"), formerly an insurgent group, is one of El Salvador's political parties, officially recognized after the country's civil war ended in the early 1990s. *The Farabundo Martí National Liberation Front*, Encyclopedia Britannica, https://www.britannica.com/topic/Farabundo-Marti-National-Liberation-Front (Feb. 7, 2024).

3

where they are from[ and] where they live." (A.R. at 194.) Despite agreeing with the DHS that his inability to practice Catholicism was not grounds for granting his withholding of removal claim, the IJ determined that Guerra-Lopez's testimony provided sufficient evidence that he "would be harmed on account of his religion." (A.R. at 194.) The IJ did not address the third point Guerra-Lopez had raised, the one pertaining to his allegedly forced political vote.

The DHS appealed the IJ's order to the BIA. The BIA, in turn, concluded it was "difficult to fairly adjudicate DHS's appeal [because of the IJ's] limited analysis," which did not explain how the proffered social group – "Salvadoran men who live in area controlled by the MS-13" – met the requirements under BIA precedent for being sufficiently particularized, or why religion was a basis for withholding removal when the IJ acknowledged that Guerra-Lopez's inability to participate in Catholic sacraments was not a reason to grant the claim. (J.A. at 14; A.R. at 123-24.) The BIA remanded the case for further proceedings.

On remand,[4] a different IJ denied withholding of removal. Addressing the BIA's concerns, the IJ provided a detailed analysis supporting his finding that Guerra-Lopez had not established "a clear probability of persecution on account of any protected ground."[5] (J.A. at 9.) The IJ decided Guerra-Lopez's proposed social group was not

---

[4] Prior to remand, the DHS sought a change of venue after Guerra-Lopez moved to New Jersey, and the unopposed motion was granted.

[5] Guerra-Lopez's attorney for this proceeding relied on the pre-hearing briefing, offered no additional testimony, and rested on the record.

cognizable. (J.A. at 9.) According to the IJ, the group was "defined by the harm suffered[,]" and its members did not share any "narrowing characteristic other than their risk of being persecuted" by the MS-13. (J.A. at 9 (citation omitted).) The IJ also relied on BIA precedent that held that a group defined as "male Salvadorans[] who resist gang recruitment" failed the particularity and social viability elements required for a cognizable social group. (J.A. at 10 (citing *Matter of S-E-G-*, 24 I. & N. Dec. 579 (BIA 2008) and *Matter of E-A-G-*, 24 I. & N. Dec. 591 (BIA 2008)).)

Next, the IJ found that Guerra-Lopez's argument that he was persecuted for his political opinion was unpersuasive because he did not provide evidence that the MS-13 had agreements with the FMLN or had targeted Salvadorans who are not members of that political party, nor did he show that the MS-13 controlled the entire country. Lastly, the IJ determined that Guerra-Lopez's Catholic faith was not "one central reason" for his having been threatened by the MS-13. (J.A. at 11 (quoting *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684-85 (3d Cir. 2015)).) Rather, his inability to practice his faith was "a byproduct of generalized gang violence[.]" (J.A. at 11.) Thus, the IJ concluded that Guerra-Lopez had not clearly established any ground for withholding of removal and, for that reason, denied his application.

Guerra-Lopez, through his attorney, filed a Notice of Appeal on June 12, 2019. The form for the Notice of Appeal[6] required Guerra-Lopez to "[s]tate in detail the reason(s) for [the] appeal[]" and included the following warning:

---

[6] Department of Justice Form EOIR-26.

**WARNING**: You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statement attached to this Notice of Appeal, why you are appealing.

(A.R. at 12.)  In the Notice of Appeal, Guerra-Lopez's attorney stated that: "The [IJ] made significant errors of law and fact[]" and "went beyond the scope of the prior BIA order on remand."  (A.R. at 12.)  Additionally, in response to question eight on the Notice of Appeal, which asks, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal[,]" the attorney marked "Yes[.]"  (A.R. at 12.)  Another warning box appeared below that question:

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

(A.R. at 12.)

The BIA issued a briefing schedule and granted Guerra-Lopez until August 26, 2021, to submit his opening brief.  With the briefing schedule came a further warning that failure to file a timely brief or statement could result in summary dismissal by the BIA under 8 C.F.R. § 1003.1(d)(2)(i)(E).  Despite that, Guerra-Lopez's counsel never filed a brief.  Fifteen months after the filing deadline, that attorney was suspended from practice before the BIA, the Immigration Courts, and the DHS.

The BIA determined that Guerra-Lopez's appeal was "amenable to summary dismissal" for two independent reasons.  First, the Notice of Appeal failed to "contain statements that meaningfully apprise[d] the [BIA] of specific reasons underlying his

6

challenge to the [IJ]'s decision[,]" and it "d[id] not cite to any supporting legal authority"
or any contested facts or any specifics about how the IJ supposedly erred. (J.A. at 3.)
Second, Guerra-Lopez did not file a separate brief or "reasonably explain" why he failed
to do so, even though he had indicated he would file a brief. (J.A. at 4.)

Guerra-Lopez now petitions for review of the summary dismissal.

## II. DISCUSSION[7]

The BIA's bases for its determination "must be set forth with such clarity as to be
understandable," *Dia v. Ashcroft*, 353 F.3d 228, 241 (3d Cir. 2003) (quoting *SEC v.
Chenery Corp.*, 332 U.S. 194, 196 (1947)), and, in this case, those bases are quite clear.
Guerra-Lopez utterly failed to provide the required information and briefing.

As explained on the pertinent forms, the BIA may summarily dismiss an appeal
that "fails to specify the reasons for the appeal … ." 8 C.F.R. § 1003.1(d)(2)(i)(A). The
appellant's statements must specifically identify the findings of fact and conclusions of
law that are being challenged, with citations to supporting authority. 8 C.F.R.
§ 1003.3(b). Additionally, the BIA is authorized to summarily dismiss an appeal when
the appellant has stated he "will file a brief or statement in support of the appeal and,

---

[7] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction
pursuant to 8 U.S.C. §§ 1252(a)(1), (5). We review the BIA's summary dismissal of an
appeal for abuse of discretion. *Uddin v. Att'y Gen.*, 870 F.3d 282, 288 (3d Cir. 2017).
"Discretionary decisions of the BIA will not be disturbed unless they are found to be
arbitrary, irrational or contrary to law." *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir. 1994)
(internal quotation marks omitted).

thereafter, does not file such brief or statement, or reasonably explain [the] failure to do so, within the time set for filing[.]"  8 C.F.R. § 1003.1(d)(2)(i)(E).

"[I]t is within the [BIA's] discretion to determine when to dismiss summarily an appeal for lack of specificity and when [it] is sufficiently apprised of the applicable issues to entertain the appeal."  *Lin v. Att'y Gen.*, 543 F.3d 114, 124 (3d Cir. 2008), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023).  Accordingly, the BIA is within its discretion to summarily dismiss an appeal on the ground that the Notice of Appeal is deficient.  *Cf. Argueta-Orellana v. Att'y Gen.*, 35 F.4th 144, 146-48 (3d Cir. 2022) (holding it was not an abuse of discretion for the BIA to summarily dismiss an appeal when the petitioner indicated "a brief supporting his appeal would follow" but was never filed).

Nevertheless, Guerra-Lopez argues that he should be "given leeway" as a pro se appellant because the BIA was on notice of the issues on appeal.  (Opening Br. at 11-12.)  But Guerra-Lopez was not acting pro se when his Notice of Appeal was filed.  Although poorly represented by counsel, he was not acting pro se in filing his Notice of Appeal and failing to submit his appeal brief.  Importantly, Guerra-Lopez has never raised an ineffective assistance of counsel argument.  On the contrary, he stated that he was "well represented by his prior attorney, … who performed an excellent job of documenting this case, prevailing before the first [IJ], and developing and preserving the legal issues in this case."  (Opening Br. at 17.)

Moreover, it is hard to see why Guerra-Lopez believes that the issues he raises now should have been obvious to the BIA.  His Notice of Appeal said that "[the IJ] made

8

significant errors of law and fact[]" and "went beyond the scope of the prior BIA order on remand." (A.R. at 12.) In light of that, it is inadequate to say, as Guerra-Lopez now does, that "all of the issues on appeal had been identified and fully addressed and briefed below so as to make summarily dismissal unnecessary[.]" (Opening Br. at 12.) On the contrary, Guerra-Lopez "did nothing to alert the BIA" of the specific facts and law on which he based his appeal of the IJ's decision after remand. *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006).

While we are not unsympathetic to Guerra-Lopez, given the quality of representation he had, we cannot reach the merits of his arguments. Our scope of review is limited to the BIA's grounds for dissmissal. *Dia*, 353 F.3d at 241 (emphasizing that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency" (quoting *Chenery Corp.*, 332 U.S. at 196)). "[W]e will not require the BIA to guess which issues have been presented and which have not." *Lin*, 543 F.3d at 122. Therefore, the BIA was within its discretion in summarily dismissing Guerra-Lopez's appeal.

III. **CONCLUSION**

For the foregoing reasons, we will deny the petition for review.

9