**Min Za CHENG, also known as Min Jie Chen, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3628–ag.

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

Min Jie Chen, pro se, New York, New York.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 31, 2006 due date specified in the scheduling order issued on March 30, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Min Za Cheng, *pro se*, petitions for review of the June 2005 order summarily dismissing his appeal from Immigration Judge ("IJ") John Opaciuch's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Here, the Court lacks jurisdiction to review Cheng's petition because he failed to exhaust his challenge to the IJ's adverse credibility and burden of proof findings before the BIA. See 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162, 167–68 (2d Cir.2004). Moreover, the BIA correctly dismissed Cheng's case for failing to apprise the BIA of the reasons underlying the appeal, because Cheng failed to state whether the IJ's error related to grounds of statutory eligibility or to the exercise of discretion and whether the IJ's alleged impropriety lay with the interpretation of the facts or application of legal standards. See 8 C.F.R. § 3.1(d)(2)(i)(A) (2003) (recodified at 8 C.F.R. § 1003.1(d)(2)(i)(A) (2005)); *Matter of Valencia*, 19 I. & N. Dec. 354, 355, 1986 WL 67713 (BIA 1986). Additionally, the Notice of Appeal provides adequate warning that a respondent "must clearly explain the specific facts and law" on which the appeal is based, or the BIA "may summarily dismiss [the] appeal if it cannot tell … why [the respondent is] appealing," and Cheng was represented by legal counsel. See *Singh v. Gonzales*, 416 F.3d 1006 (9th Cir.2005); *Vargas–Garcia v. INS*, 287 F.3d 882, 885 (9th Cir.2002).

Further, the BIA correctly determined that Cheng failed to file a brief by the scheduled deadline, and did not abuse its discretion when it dismissed Cheng's appeal for failing to file a brief. 8 C.F.R. § 1003.1(d)(2)(i)(E). The BIA specifically noted and the record reflects that Cheng checked a box on the Notice of Appeal indicating that a separate written brief or statement would be filed in support of the appeal. This section is immediately followed by a clear warning that the BIA may summarily dismiss the appeal if a brief or statement is not filed within the time set in the briefing schedule. The BIA accurately observed that the record indicates that Cheng did not file such brief or statement, or reasonably explain the failure to do so, within the time set for filing.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).