YI ZHAO, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–4628–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

Thomas Massucci, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Patrick J. Glen, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yi Zhao, a native and citizen of the People's Republic of China, seeks review of a September 7, 2006, order of the BIA summarily dismissing his appeal from the April 22, 2005, decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yi Zhao*, No. A 77 998 064 (B.I.A. Sept. 7, 2006), *aff'g* No. A 77 998 064 (Immig. Ct. N.Y. City Apr. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, the BIA may summarily dismiss an appeal when the appellant fails to file a brief within the time set for filing after indicating an intent to do so, or to explain such failure. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E); *Matter of Valencia*, 19 I. & N. Dec. 354 (BIA 1986). This Court has not articulated the standard of review it applies to the BIA's decision to summarily dismiss a case under 8 C.F.R. § 1003.1(d)(2)(i). Some of our sister circuits have adopted the abuse of discretion standard. *See, e.g., Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir.2003); *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005); *Nazakat v. INS*, 981 F.2d 1146, 1148 (10th Cir.1992). Others have simply addressed whether the BIA appropriately exercised its power under the regulations. *See Athehortua–Vanegas v. INS*, 876 F.2d 238 (1st Cir.1989); *Awe v. Ashcroft*, 324 F.3d 509, 513 (7th Cir.2003); *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir.1998). Regardless, the question of the appropriate standard for review need not be decided here, as the BIA's decision could withstand scrutiny under either an abuse of discretion or *de novo* standard.

In the instant case, the BIA did not err in dismissing Zhao's appeal for failing to file a brief. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E); *Matter of Valencia*,

19 I. & N. Dec. 354, 355 (BIA 1986). Zhao failed to present any explanation for his failure to file a brief within the specified time.[1] The Notice of Appeal Form Zhao filed includes a box to check if the appellant intends to submit a brief, as well as a warning that the failure to file a brief, after indicating that such a brief would be filed, could result in the summary dismissal of the appeal. The record also that the BIA issued a briefing schedule to Zhao's which includes a similar warning. Nevertheless, to file a brief after indicating that he would do Moreover, he failed to respond to the Government' dismiss his appeal for such failure. Under these circumstances, the BIA's dismissal of Zhao's appeal was proper. *See Rioja*, 317 F.3d at 515–16 (finding summary dismissal was proper where appellant failed to file a brief after indicating that he would do so, or to explain the reasons for such failure); *Kokar v. Gonzales*, 478 F.3d 803, 811–13 (7th Cir.2007) (same); *see also Singh*, 416 F.3d at 1014 (finding that an appellant's failure to file a brief cannot be attributed to a deficiency in the BIA's notice procedures when counsel's actions clearly show that the failure was due to his oversight and error); *Toquero v. I.N.S.*, 956 F.2d 193, 196–97 (9th Cir.1992) (finding that the BIA's dismissal of petitioner's appeal was justified when counsel was on notice that the failure to file a brief could result in summary dismissal but failed to file a brief or explain such failure). While Zhao also argues that the BIA abused its discretion in dismissing his appeal instead of deferring decision until the issuance of *Matter of S–L–L–*, 24 I. & N. Dec. 1 (BIA 2006), he cites no authority for that proposition.

Although some Courts of Appeals have found that the failure to file a brief, after indicating that one would do so, may result in summary dismissal, others have held that a sufficiently specific Notice of Appeal may excuse the failure to file a brief. *See Bhiski v. Ashcroft*, 373 F.3d 363, 367–68 (3d Cir.2004); *Casas–Chavez v. I.N.S.*, 300 F.3d 1088, 1090 (9th Cir.2002). Here, we need not decide the issue, because even under the more permissive approach, Zhao's Notice of Appeal was not sufficiently specific to excuse his failure to file a brief. His Notice of Appeal, filed through counsel, did not challenge the IJ's finding that he did not qualify for asylum based on his girlfriend's abortion. He also failed to challenge the IJ's findings that he did not suffer past persecution or establish a well-founded fear of persecution; instead, he made only generalized and conclusory statements about the IJ's alleged errors. Zhao thus failed to perfect his appeal. *Cf. Casas–Chavez*, 300 F.3d at 1090–91 (finding that the Notice of Appeal contained the required specificity, in spite of the petitioners' failure to file a brief, where the notice directed the BIA to specific portions of the IJ's decision, and referred to evidence and authority in support of the petitioners' arguments).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. In his motion to reconsider before the BIA, Zhao's counsel alleged that he did not receive a transcript or a briefing schedule from the BIA. The BIA denied Zhao's motion, and Zhao does not raise this issue here. Therefore, we do not consider that argument.