Losonczi v. Garland

BIA
Norkin, IJ
A215 556 014

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ANDRAS LOSONCZI,
> *Petitioner*,

v.

22-6451(L),
22-6490(Con)

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: Jimmy Johnson, Esq., Law Offices of Jimmy Johnson PLLC, Flushing, NY.

FOR RESPONDENT: Brian M. Boynton, Principal Deputy Assistant Attorney General; Dawn S. Conrad, Senior

Litigation Counsel; Stephen Finn, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, and DECREED** that the petition in 22-6451 is **DENIED**, and the government's motion to dismiss the petition in 22-6490 is **GRANTED**. All other pending motions and applications are **DENIED** and stays **VACATED**.

In these consolidated appeals, petitioner Andras Losonczi ("Losonczi"), a native and citizen of Hungary, seeks review of two decisions of the BIA. In the lead case, 22-6451, Losonczi seeks review of a BIA decision summarily dismissing his appeal of a decision of an Immigration Judge ("IJ"). See In re Andras Losonczi, No. A 215 556 014 (B.I.A. Sept. 7, 2022), dismissing No. A 215 556 014 (Immigr. Ct. N.Y.C. Sept. 2, 2020). In the consolidated case, 22-6490, Losonczi seeks review of a BIA decision affirming an IJ's decision denying his motion for a change of custody status. See In re Andras Losonczi, No. A 215 556 014 (B.I.A. Sept. 15, 2021), aff'g No. A 215 556 014 (Immigr. Ct. N.Y.C. April 23, 2021). We assume the parties' familiarity with the underlying facts and procedural history and recite them here only as necessary to our decision.

We have reviewed the BIA's decision summarily dismissing the appeal. See Mu Xiang Lin v. U.S. Dep't of Just., 432 F.3d 156, 159 (2d Cir. 2005) ("When the BIA issues its own independent decision and does not adopt the IJ's decision, this Court reviews the decision of the BIA alone."). We review factual findings for substantial evidence, and

questions of law, including constitutional claims, de novo. See Dale v. Barr, 967 F.3d 133, 138 (2d Cir. 2020) (questions of law); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009) (factual findings). Because we find no error that requires remand, we deny the petition in the lead case, 22-6451.

In the lead case, the IJ denied Losonczi's applications for asylum, for withholding of removal, and for protection under the Convention Against Torture. Losonczi, through counsel, filed a timely appeal to the BIA of the IJ's decision. The applicable Notice of Appeal ("NOA") form asks an applicant: "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" Certified Administrative Record ("CAR") at 585. In response, Losonczi's counsel checked the box stating "Yes[.]" Id. The NOA form explicitly warns: "If you mark 'Yes' … you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule." Id.

Losonczi, through counsel, timely filed a written brief. His brief was more than 400 pages, well over the 25-page limit applicable at the time of filing. The BIA rejected Losonczi's brief as "oversized" and instructed him to file a compliant brief within 30 days. Id. at 508. In response to the BIA's rejection of his brief, Losonczi moved for leave to file an oversized brief. The BIA denied that motion and directed Losonczi "to file a brief of 25 pages or less within 30 days[.]" Id. at 507. The BIA further warned: "Failure to file a brief as directed may result in the dismissal of this appeal." Id. Thereafter, Losonczi resubmitted

3

the same brief, together with a motion to reconsider the denial of his request to file an oversized brief. The BIA denied Losonczi's motion to reconsider and summarily dismissed his appeal in large part because despite having received "multiple opportunities to submit a brief that conforms to [the BIA's] rules of practice," counsel had "persisted in refusing to file a brief of permissible length." CAR at 7.

The BIA may summarily dismiss an appeal where the applicant "indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]" 8 C.F.R. §1003.1(d)(2)(i)(E). Although Losonczi timely filed a brief, the BIA properly rejected it as non-compliant and twice gave Losonczi an opportunity to correct the defective brief. Filing a non-compliant brief despite multiple opportunities to conform that brief to the BIA's rules of practice is tantamount to filing no brief at all, and thus triggers the possibility of summary dismissal. Because Losonczi failed to file a brief that complied with the BIA's rules and orders, the BIA did not err in summarily dismissing the appeal on this ground.

Losonczi nevertheless appears to contend, albeit maladroitly, that the BIA abused its discretion by summarily dismissing his appeal under 8 C.F.R. §1003.1(d)(2)(i)(E) because his NOA, which attaches over 200 pages of a rambling "Prepared Written Statement with Legal Argument," provided sufficient notice of the issues on appeal to permit the BIA to review the matter without the filing of a separate brief. CAR at 588.

There is an unresolved Circuit split on the issue of whether "a sufficiently specific

4

Notice of Appeal may excuse the failure to file a brief[,]" when a petitioner has indicated to the BIA that a brief would be filed. Yi Zhao v. Gonzales, 245 F. App'x 59, 61 (2d Cir. 2007).[1] The Ninth Circuit has declared that it is "not appropriate for the BIA to summarily dismiss [an] appeal for failure to timely file a brief," where "the petitioners set forth sufficiently detailed reasons in support of their appeal on their Notice of Appeal." Garcia-Cortez v. Ashcroft, 366 F.3d 749, 750 (9th Cir. 2004). The touchstone of the Ninth Circuit decisions on this question is whether the NOA provides sufficient notice of the issues on appeal to permit the BIA to review the matter without the filing of a separate brief. See Casas-Chavez v. I.N.S., 300 F.3d 1088, 1090 (9th Cir. 2002); Garcia-Cortez, 366 F.3d at 752–53. The Eleventh Circuit follows a similar approach. See Esponda v. U.S. Att'y Gen., 453 F.3d 1319, 1322 (11th Cir. 2006) ("[W]e hold that the BIA abused its discretion when, without determining whether the Notice of Appeal adequately set forth the basis for the petitioners' appeal, it summarily dismissed the appeal solely because petitioners indicated on the Notice of Appeal that they would file a supplementary brief and then failed to do so and failed to offer an explanation for not filing a brief.").

By contrast, the Third, Fifth, and Seventh Circuits have held that the BIA does not abuse its discretion, or violate a petitioner's due process rights, by summarily dismissing

---

[1] "Rulings by summary order do not have precedential effect." 2d Cir. Loc. R. 32.1.1(a). Although summary orders "lack[] precedential value, we are, of course, permitted to consider summary orders for their persuasive value, and often draw guidance from them in later cases." Force v. Facebook, Inc., 934 F.3d 53, 66 n.21 (2d Cir. 2019) (citation and quotation marks omitted).

an appeal for failure to file a brief <u>without</u> consideration of the NOA and any attachments. <u>See</u> <u>Argueta-Orellana v. Att'y Gen.</u>, 35 F.4th 144, 147–49 (3d Cir. 2022); <u>Rioja v. Ashcroft</u>, 317 F.3d 514, 515–16 (5th Cir. 2003); <u>Kokar v. Gonzales</u>, 478 F.3d 803, 809–13 (7th Cir. 2007).

"Here, we need not decide the issue [presented by the Circuit split], because even under the more permissive approach, [Losonczi's] Notice of Appeal" and its 200-plus pages of attachments do not state the grounds for appeal with sufficient specificity (or clarity) to permit the BIA to act and thus do not "excuse his failure to file a brief." <u>Yi Zhao</u>, 245 F. App'x at 61.

The regulations require a party to "specify the reasons for the appeal[,]" 8 C.F.R. §1003.1(d)(2)(i)(A), "to ensure that the Board is not left guessing at how and why petitioner thought the court erred." <u>Casas-Chavez</u>, 300 F.3d at 1090 (citation and quotation marks omitted); <u>see</u> <u>also</u> 8 C.F.R. §1003.3(b) (setting forth the information a petitioner "must specifically identify" in the NOA or its attachments to avoid summary dismissal). The sheer volume and incomprehensibility of Losonczi's NOA and its attachments would "require the BIA to scrutinize the record and speculate on what possible errors [Losonczi] was claiming." <u>Nolasco-Amaya v. Garland</u>, 14 F.4th 1007, 1014 (9th Cir. 2021) (citation

6

and quotation marks omitted).[2] The "strict specificity requirement" of the regulations is designed to spare the BIA any such undertaking. Rojas-Garcia v. Ashcroft, 339 F.3d 814, 820 (9th Cir. 2003); cf. Atkinson v. Garland, No. 21-6181, 2022 WL 2118360, at *1 (2d Cir. June 13, 2022) ("The regulations authorize the BIA to dismiss an appeal where there is a failure to articulate specific reasons for the appeal or to file a brief within the prescribed time."). In short, Losonczi's NOA and its 200-plus pages of attachments do not state the grounds for appeal with sufficient clarity to permit the BIA to act.

Accordingly, even if we take into account Losonczi's NOA and related attachments, the BIA did not abuse its discretion by summarily dismissing Losonczi's appeal under 8 C.F.R. §1003.1(d)(2)(i)(E). See Min Za Cheng v. Gonzales, 199 F. App'x 49, 50 (2d Cir. 2006) (dismissing petition for review, finding petitioner had received adequate warning that "the BIA may summarily dismiss the appeal if it cannot tell why the respondent is appealing," and observing that petitioner "was represented by legal counsel[]" before the BIA (quotation marks omitted)). We have considered Losonczi's remaining arguments

---

[2] It bears emphasizing that throughout this process, Losonczi has been represented by retained counsel. He is bound by his counsel's acts and omissions. See Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 271 (2d Cir. 1999); S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998). Accordingly, Losonczi is not entitled to the additional leeway we grant to self-represented parties; even if he were, the confused claims in the NOA and its attachments would still not suffice to put the BIA on notice of his claims on appeal. Losonczi may, however, be able to seek reopening of his immigration proceedings based on the ineffective assistance of counsel. See Iavorski v. U.S. I.N.S., 232 F.3d 124, 134 (2d Cir. 2000) ("A motion to reopen immigration court proceedings traditionally has offered a vehicle to remedy cases in which ineffective assistance of counsel has resulted in the violation of [a person's] constitutional right to due process."). We take no position here on the merits of such a claim.

regarding summary dismissal and find them to be without merit.[3]

Finally, we grant the government's motion to dismiss the petition challenging the agency's custody determination filed in the consolidated case, 22-6490. The custody determination is not reviewable by this Court. Our review is limited to final orders of removal, <u>see</u> 8 U.S.C. §1252(a)(1), and custody determinations are "separate and apart from, and shall form no part of" any removal proceedings, 8 C.F.R. §1003.19(d).

For the foregoing reasons, the petition for review in 22-6451 is **DENIED**, the government's motion to dismiss the petition in 22-6490 is **GRANTED**, and that petition is **DISMISSED**. All other pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[3] To the extent Losonczi contends that summary dismissal violated his due process rights, we disagree. "To establish a violation of due process, [Losonczi] must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." <u>Burger v. Gonzales</u>, 498 F.3d 131, 134 (2d Cir. 2007) (citation and quotation marks omitted). The BIA gave Losonczi two chances to cure the defective brief and warned him (and his counsel) both times that the appeal could be dismissed if he failed to comply. Accordingly, Losonczi had adequate notice and ample opportunity to present his appeal.