*Rodriguez-Cecias v. Bondi*

BIA
Ling, IJ
A240 999 148/149/492

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-five.

PRESENT:
>JON O. NEWMAN,
>WILLIAM J. NARDINI,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

DONNY ANDRE RODRIGUEZ-CECIAS, KARLA STEPHANIE MIRANDA-MANRIQUE, E. S. R-M.,*
>*Petitioners,*

>v.

24-1367
NAC

_____

* We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
   *Respondent.*

_____

FOR PETITIONERS:   Ioan Florin Cristea, The Law Office of Cristea & Tatti, LLP, Hauppauge, NY.

FOR RESPONDENT:   Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Donny Andre Rodriguez-Cecias, Karla Stephanie Miranda-Manrique, and their minor son, natives and citizens of Peru, seek review of an April 22, 2024, decision of the BIA summarily dismissing their appeal of a May 18, 2023, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rodriguez-Cecias, et al.*, Nos. A 240 999 148/149/492 (B.I.A. Apr. 22,

2

2024), *dismissing appeal from* Nos. A 240 999 148/149/492 (Immigr. Ct. N.Y.C. May 18, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily dismissed the appeal and did not adopt the IJ's opinion, we review only the BIA's decision. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 159 (2d Cir. 2005). We have not established the standard by which we review the BIA's summary dismissal of an appeal, *see, e.g., Atkinson v. Garland*, No. 21-6181, 2022 WL 2118360, *1 (2d Cir. June 13, 2022) (summary order), and we need not establish it here because the BIA did not err under any standard.

The BIA "may summarily dismiss any appeal . . . in any case in which: (A) The party concerned fails to specify the reasons for the appeal on [the Notice to Appeal Form] or other document filed therewith" or "(E) The party concerned indicates on [the Notice of Appeal Form] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Petitioners' appeal was subject to summary dismissal by the BIA under *both* of these provisions.

"[I]n order to avoid summary dismissal," Petitioners were required to "identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto." 8 C.F.R. § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified." *Id.* "The appellant must also indicate in the Notice of Appeal . . . whether he or she will be filing a separate written brief or statement in support of the appeal." *Id.*

Petitioners asserted in their notice of appeal that they planned to file a brief. *See* Cert. Admin. R. ("CAR") at 47, 50. They acknowledge that they failed to do so, or to offer any explanation for their failure; that is an independent basis for dismissal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E). Petitioners nonetheless contend that the BIA erred in dismissing their appeal because their notice of appeal sufficiently identified specific challenges to the IJ's decision. We disagree. The notice of appeal simply lists a series of conclusory claims of error; it does not provide supporting authority for legal challenges and identify specific facts that are contested, as required by the regulations. *See* 8 C.F.R. § 1003.3(b). Accordingly,

4

the BIA did not err in dismissing the appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) & (E).   *See, e.g., Yi Zhao v. Gonzales*, 245 F. App'x 59, 61 (2d Cir. 2007) (summary order).[1]

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:auto;width:fit-content">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

---

[1] Significantly, the IJ's decision denying asylum and withholding of removal rested on a finding that "the main issue in this case is that the [Petitioners] have not shown the requisite nexus to a protected ground."   CAR at 19.   The Petitioners' notice of appeal does not mention or challenge the finding of a lack of nexus.   As to Petitioners' CAT claims, their notice of appeal likewise fails to mention or challenge the IJ's dispositive finding that they had "not shown that the Peruvian government would acquiesce in any future torture that they fear."   CAR at 23.